Manuel W. Levine, J.
This is a declaratory judgment action brought by the plaintiff and plaintiff-intervenors to void an amendment to the Building Zone Ordinance of the Incorporated Village of Rockville Centre whereby off-street parking requirements for a movie theatre were eliminated under certain circumstances.
The plaintiffs’ contentions are: 1, that the amendment was not adopted pursuant to a comprehensive plan and constitutes “ spot zoning ”; 2, that it was zoning by contract; and consequently the amendment is void and unconstitutional.
The defendants contend that the plaintiffs are not parties aggrieved in that they did not sustain special damages- and that they are guilty of laches.
Insofar as plaintiffs ’ contentions the relevant facts are: The defendants-intervenors, the owners of a parcel of real property situated on the southwest corner of Sunrise Highway and Morris Avenue in the Incorporated Village of Rockville Centre, known as Lots 424 and 425, Block 320, section 38 on the Tax Map, applied to the Village Board in April, 1968 to reduce the off-street parking requirements for a theatre; after a public hearing on June 3, 1968 the Village Board denied the request upon the ground that the matter was a proper one for the Board of Appeals; an application was then made to the Board of Appeals for a variance; while this application was pending defendantsintervenors ’ attorney sent two letters to the Mayor, offering to give the Village Lot 424 for the widening of Morris Avenue if a permit for a theatre was issued; the application for a variance was withdrawn when land that the intervenors intended to use for off-street parking became unavailable; in October, 1968 the Village Board gave notice of a public hearing on a proposal to amend the Building Zone Ordinance with regard to *252 off-street parking for theatres; this proposal which eliminated off-street parking for a theatre adjacent to or within 100 feet of a municipal parking field, the streets adjoining or within 50 feet have a width from curb to curb of at least 54 feet and operation restricted to evening hours on weekdays excluding Saturdays, Sundays and Holidays, was adopted on December 2, 1968 after a survey of the parking fields 1, 3 and 8 and is the subject matter of this action; at this time Morris Avenue at its intersection with the south side of Sunrise Highway was 32 feet; a deed dated January 3,1969 covering Lot 424 was delivered to the village on February 19, 1969 on which day a building permit was issued for construction of a theatre on Lot 425; this made it possible for the village to widen Morris Avenue at its intersection with the south side of Sunrise Highway to 54 feet; in 1967 the village had contemplated acquiring Lot 424 to eliminate a bottleneck but because of the cost, approximately $85,000, decided against it.
While the defendants have interposed defenses which if sustained are adequate to defeat plaintiff’s- contentions, the court will first consider the plaintiff’s case. In so doing it must be borne in mind that there is a strong presumption of validity of a legislative act and the burden is placed upon the plaintiff of showing that the amendment is not justified by any reasonable interpretation of the facts. (Church v. Town of Islip, 8 N Y 2d 254; Rodgers v. Village of Tarrytown, 302 N. Y. 115.)
The plaintiff’s contentions that the amendment was not pursuant to a comprehensive plan, constituted illegal “ spot zoning ” and zoning by contract are not substantiated by the proof offered on the trial. That the village has a comprehensive plan is not controverted. Further, a comprehensive plan must be flexible and subject to some changes. In the instant case the village has a comprehensive plan for off-street parking encompassing municipal parking fields and private parking. Certain types of businesses are required to have off-street parking. Prior to the amendment here involved theatres were required in all.instances to provide off-street parking. The mere fact that this requirement was eliminated under certain circumstances does not establish that it is not pursuant to a comprehensive plan. This is so because the essence of off-street parking in a comprehensive plan is the adequacy thereof. In the instant case the Village Board had a survey made of the parking during the hours contemplated under the amendment and from this it was reasonable to conclude that the municipal parking would be adequate. Accordingly the amendment was made pursuant to a comprehensive plan. In relation to the claim of *253 1 ‘ spot zoning ’ ’ there are properties in 20 different blocks which meet the requirements of the amendment to build a theatre without providing private off-street parking. This completely refutes the “ spot zoning ” contention.
In order to sustain the claim of zoning by contract there must be clear cut evidence of an agreement binding upon the parties and the bargaining away of the legislative power of the board. (Church v. Town of Islip, 8 N Y 2d 254, supra; Parfitt v. Furguson, 159 N. Y. 111.) The only evidence of a contract presented on the trial was the offer to convey Lot 424 while an application for a variance was pending, that after the Village Board amended the ordinance the lot was conveyed and building permit for a theatre was issued. This falls far short of a showing of a bargaining away of the legislative power of the board. The village could have enacted this amendment at any time. It was an appropriate legislative determination. The fact the defendants-intervenors conveyed Lot 424 to the village does not invalidate the amendment. That the conveyance made it possible for the village to widen Morris Avenue thus eliminating a dangerous bottleneck in the village does not affect the validity. The court visited the area involved and found that the determination of the Village Board as to adequacy of off-street parking was based upon reasonable interpretation of the facts. The benefit to the community as a whole is obvious. The improvements in the flow of traffic in this area is a boon to the business community and the shoppers. The residents of the village have a choice of motion pictures within their area.
The court’s determination of the plaintiff’s contentions renders the defenses moot. However, it is noted that the theatre has been in operation for more than a year. The ordering of a tearing down of this building under the facts would seem to be unjust.
Judgment is granted defendants declaring the amendment valid.