Memorandum. At the time of the comprehensive zoning revision the subject property was utilized as a duck farm, a nonconforming use in an area zoned for one-family residences. After the town engaged professional planning consultants and the planning board held public meetings, a comprehensive revision of the town’s zoning policy was enacted which provided,
 
 inter alia,
 
 for a change in the permitted use of the subject property to multiple-family dwellings. Since this change did not strictly accord with a so-called master plan adopted several years before, the appellants contend that it constitutes illegal spot zoning. We cannot accept their argument on this record which shows that the challenged revision was the result of comprehensive planning conducted with expert assistance and in accordance with statutory requirements. (See Town Law, § 263;
 
 Albright v Town of Manlius,
 
 34 AD2d 419, mod on other grounds 28 NY2d 108.)
 

 The appellants have failed to overcome the strong presumption of validity which attaches to the legislative determinations of a town board or municipality when it passes zoning ordinances
 
 (Church v Town of Islip,
 
 8 NY2d 254). In addition it is clear that although the revision may have benefited the individual landowner, it was nevertheless, enacted for the general welfare of the community
 
 (Rodgers v Village of Tarrytown,
 
 302 NY 115, 124).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.