■ In the Matter of WARREN M. CANNON et al., Respondents, v FRANCIS J. MURPHY et al., Appellants, and RICHARD CARR, Intervenor-Appellant. [600 NYS2d 965] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Southold, dated April 11, 1989 which rezoned property known as the Carr/Wanat parcel to Low Residential Density "R-40", and action to declare the rezoning invalid, the appeal is from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered August 13, 1990, which, inter alia, annulled the determination and restored the subject property to its prior "Residential and Agricultural" designation.

Ordered that the judgment is affirmed, without costs or disbursements.

The intervenor Richard Carr is the owner of a 28.147 acre parcel of property in the Town of Southold referred to as the "Norris Estate". In 1987 he applied to the Planning Board of the Town of Southold to construct 108 condominium units on the site. While that application was pending, Carr, as contract vendee, and Joseph A. Wanat, as owner, applied to the Town Board of the Town of Southold for a change of zoning on a different parcel of property (hereinafter the Carr/Wanat property). That property, which is the subject of the instant litigation, is a 107-acre parcel located in the Agricultural and Conservation district in the Town of Southold (see, Code of Town of Southold § 100-30). Among other things, this zoning classification permits the construction of one residence per two acres. Carr and Wanat sought to rezone the Carr/Wanat property, which currently contains one single-family residence, to permit the construction of 107 single-family residential units.

Upon receipt of the rezoning application, the Town Board declared itself the "lead agency" pursuant to the State Envi-

ronmental Quality Review Act (hereinafter SEQRA), and prepared an environmental assessment form (hereinafter EAF) identifying several areas of potential significant environmental impacts. In a resolution dated February 26, 1988, it issued a "positive declaration" (6 NYCRR 617.2 [cc]) requiring the preparation of an environmental impact statement (hereinafter EIS). No EIS was ever prepared exclusively for the Carr/Wanat parcel. Instead a draft environmental impact statement (hereinafter DEIS) was prepared pertaining to Mr. Carr's construction proposal for the Norris Estate property. The Norris Estate DEIS allegedly contained a discussion of the environmental issues at the Carr/Wanat property, and a copy was forwarded to the Town Board. We note that no copy of the DEIS is contained in the record before this Court nor was it placed in the record at the Supreme Court, Suffolk County.

Thereafter, the Town Board issued a "negative declaration" as to the Carr/Wanat parcel, which provided that "the project has been determined not to have a significant effect on the environment based upon mitigation measures identified in the Draft Environmental Impact Statement".

With respect to the rezoning application, however, both the Planning Board of the Town of Southold and the Suffolk County Department of Planning advised the Town Board that the application should be denied. Among other things, they asserted that it was not in keeping with the proposed master plan with regard to density, that it was inconsistent with the single-family residence pattern of zoning in the surrounding area, and it would tend to establish an undesirable precedent. On April 11, 1989, Mr. Carr executed and delivered a covenant and restriction to the Town Board purporting to limit construction on the Norris Estate parcel in exchange for a rezoning of the Carr/Wanat parcel. That paper purported to memorialize an agreement which provided as follows, "the Town Board [has] determined after due deliberation that the public health, safety and welfare of the Town * * * would be best served by the Wanat Property [being] rezoned to R-40 * * * upon the condition that the undersigned covenant to restrict the number of residential units to be erected on the Norris Property". On that same day, the Town Board issued a resolution rezoning the Carr/Wanat parcel to Low Density Residential R-40.

The petitioners, who are property owners neighboring upon the Carr/Wanat parcel, asserted that the Town Board engaged in illegal contract and/or spot zoning when it issued the

zoning amendment. They further contended that it violated SEQRA in issuing the negative declaration.

We find that the Supreme Court properly annulled the zoning amendment. In so finding, we are mindful of the well settled rule that because zoning is a legislative act, zoning ordinances and amendments enjoy a strong presumption of legality, and the burden rests on the party attacking them to overcome that presumption beyond a reasonable doubt *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131; *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 187-188; *Church v Town of Islip,* 8 NY2d 254, 258; *Taylor v Incorporated Vil. of Head of Harbor,* 104 AD2d 642, 644-645).

We find that the Town Board engaged in improper spot zoning. Spot zoning has been defined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners *(see, Rogers v Village of Tarrytown,* 302 NY 115, 123). It is deemed to be the very antithesis of planned zoning. Although the size of a parcel is an important factor considered in determining whether the measure constitutes spot zoning, it is not the determinative factor *(see,* 1 Anderson, New York Zoning Law and Practice § 5.04 [3d ed]; *see also,* 2 Ziegler, Rathkopf's Law of Zoning and Planning § 28.01 [4th ed]). Indeed, there have been findings of spot zoning of relatively large parcels of land *(see, e.g., Matter of Augenblick v Town of Cortlandt,* 104 AD2d 806, *revd* 66 NY2d 775, *on dissenting opn of Lazer, J. P.).* "[T]he real test for spot zoning is whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" *(Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 600).

Significantly, here there is no evidence that the zoning resolution, which changed the use classification on the Carr/Wanat parcel, was enacted for the benefit of or with regard to the neighbors of the parcel or the community as a whole *(cf., Goodrich v Town of Southampton,* 39 NY2d 1008, 1009; *Century Circuit v Ott,* 65 Misc 2d 250, *affd* 37 AD2d 1044). Rather, there was a variety of evidence tending to establish the negative impacts the rezoning would have on the neighbors and the community at large. Apparently, the entire benefit of the rezoning inured to the owner of the parcel in question. It does not appear that the Town Board exercised its power in accord with the comprehensive plan. We note that both the Planning Board of the Town of Southold and the Suffolk

County Department of Planning opposed the rezoning on the ground that it was inconsistent with the Town's land use plan. Although comprehensive plans are not inflexible, there is no indication here that the Town Board "carefully studied, prepared and considered" the comprehensive plan in granting the amendment (cf., Asian Ams. for Equality v Koch, supra, at 132; Goodrich v Town of Southampton, supra, at 1009).

Finally, we find that the Town Board failed to comply with SEQRA. Specifically, upon issuing its "negative declaration" (6 NYCRR 617.2 [y]), the Town Board failed to make a "reasoned elaboration" of the basis for its determination, and failed to demonstrate that it took a "hard look" at the relevant areas of environmental concern (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). Among other things, the EAF for the rezoning identified potential large impacts on water, threatened or endangered species, aesthetic resources, and transportation. Without explanation, the Town Board maintained that all such impacts had been sufficiently mitigated by measures identified in the DEIS. Although the degree of detail included in a negative declaration will "obviously vary with the nature of the proposal" (Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 530), the Town Board's negative declaration gave virtually no detail at all. In light of the wide variety of potential environmental effects identified in the EAF, the Town Board's conclusory negative declaration was insufficient. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.