■ In the Matter of RYE CITIZENS COMMITTEE et al., Appellants, v BOARD OF TRUSTEES FOR THE VILLAGE OF PORT CHESTER

et al., Respondents, and HOME DEPOT, U.S.A., INC., Intervenor-Respondent. [671 NYS2d 528] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the trustees of the Village of Port Chester dated November 29, 1995, and a resolution of the Planning Commissioner for the Village of Port Chester dated February 26, 1996, which, *inter alia*, approved the proposed project of the intervenor Home Depot, U.S.A., Inc., the petitioners appeal from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 14, 1997, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The proceeding under review challenges various actions of the respondents, the Board of Trustees for the Village of Port Chester and the Planning Commissioner for the Village of Port Chester (hereinafter collectively referred to as Port Chester), which, *inter alia*, approved the construction of a retail facility by the intervenor-respondent Home Depot, U.S.A., Inc. (hereinafter Home Depot). The pertinent facts are set forth in *Matter of City of Rye v Korff* (249 AD2d 470 [decided herewith]), and will not be repeated here.

The Supreme Court incorrectly determined that the petitioners in this proceeding, Rye Citizens Committee and seven individuals, lacked standing (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Open Space Council v Planning Bd.,* 245 AD2d 378). Nevertheless, we conclude, on the merits, that the court properly denied the petition and dismissed the proceeding, as the court correctly rejected the petitioners' assertion that the various approvals issued by Port Chester constituted spot zoning. The record establishes that approvals for the project were granted as part of a comprehensive plan calculated to serve the general welfare of the community (*see, Matter of Town of Islip v Caviglia,* 73 NY2d 544, 550-551; *Asian Ams. for Equality v Koch,* 72 NY2d 121, 131; *Matter of Cannon v Murphy,* 196 AD2d 498, 500). The SEQRA review conducted in this case, including the preparation of the Draft Environmental Impact Statement and the Final Environmental Impact Statement, included an extensive land-use analysis that indicated that the central, "core" area around the project site was "predominately commercial", and that the project was compatible with the commercial and retail character of the Midland Avenue corridor where it is situated. Moreover, a large parcel immediately adjacent to the subject parcel is zoned

"CD", which is the classification sought and obtained by Home Depot for its site. Under such circumstances, the petitioners' claim of spot zoning was properly rejected (*see, Matter of Augenblick v Town of Cortlandt,* 66 NY2d 775; *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 188; *Goodrich v Town of Southampton,* 39 NY2d 1008, 1009).

The petitioners' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.