■ In the Matter of EILEEN MILLER et al., Appellants, v ROBERT KOZAKIEWICZ et al., Respondents. [735 NYS2d 176] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Board of the Town of Riverhead adopting Resolution No. 153, dated February 15, 2000, which, *inter alia,* approved a change of zone application submitted by Riverhead Centre, LLC, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered August 4, 2000, which denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the petitioners' notice of appeal from a decision dated July 10, 2000, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Since 1996 the respondent Riverhead Centre, LLC (hereinafter Riverhead Centre) has submitted a series of applications for zoning changes and special permits to construct a shopping center on approximately 50 acres of undeveloped land located on County Route 58 in the Town of Riverhead. Prior to the zoning amendment that is the subject of this proceeding, the property was spread over four zoning districts, which were classified as Industrial A, Business B, Residence C, and Agriculture A. In 1997 the Town Board of the Town of Riverhead (hereinafter the Town Board) tried to resolve the problem of developing the property in four different zones by adopting Resolution No. 227, which created a mixed-use district known as the "Destination Commercial Planned Development Overlay District" (hereinafter the Overlay District). In the context of a prior proceeding pursuant to CPLR article 78 to review Resolution No. 227, this Court annulled the resolution creating the Overlay District on the ground that the Town Board failed to comply with the State Environmental Quality Review Act (hereinafter SEQRA) (*see, Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark,* 253 AD2d 752).

In 1999 Riverhead Centre submitted a new application to change the four zoning districts to two districts, namely, an Industrial A zone consisting of about 13.3 acres and Business B zone consisting of about 36.4 acres. On February 15, 2000, the Town Board adopted Resolution No. 153, which granted

Riverhead Centre's request for the zoning amendment, subject to eight conditions. Shortly thereafter, a group of local residents and businesses, together with an environmental organization, commenced the present proceeding pursuant to CPLR article 78 to annul Resolution No. 153 on various grounds.

Contrary to the petitioners' contention, the Supreme Court properly concluded that the Town Board complied with the procedural and substantive requirements of SEQRA. The record reveals that the Town Board identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination to approve the challenged zoning amendment (*see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417).

The record also reveals that the Town Board complied with Town Law § 263, which requires that a zoning amendment be adopted in accordance with a comprehensive plan (*see, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131). Similarly, the petitioners failed to establish that the challenged amendment constitutes illegal spot zoning, which is defined as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners" (*Rodgers v Village of Tarrytown,* 302 NY 115, 123). Here, the new zoning classifications were consistent with the prior classifications and compatible with the commercial and retail development along Route 58 (*see, Matter of Rye Citizens Comm. v Board of Trustees,* 249 AD2d 478). Moreover, the proposed shopping center is geared to benefit the entire community (*see, Matter of Daniels v Van Voris,* 241 AD2d 796).

With respect to the petitioners' claim that the Town Board violated the doctrine of legislative equivalency by using a resolution to amend the zoning ordinance, it should be noted that the Town Board observed the procedural formalities set forth in Town Law §§ 264 and 265 for enacting a zoning amendment. Under the circumstances of this case, the Supreme Court properly concluded that the disputed enactment should have the full force and effect of an ordinance despite its label as a resolution (*see, Matter of Jewett v Luau-Nyack Corp.,* 31 NY2d 298, 303).

The petitioners' remaining contentions are without merit. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.