■ In the Matter of EILEEN MILLER et al., Appellants, v ROBERT KOZAKIEWICZ et al., Respondents. [751 NYS2d 524] —In a proceeding pursuant to CPLR article 78, inter alia, to review Resolution No. 158 of the Town Board of the Town of Riverhead, adopted February 6, 2001, which granted two special permits for the construction of a shopping center, and Resolution No. 165, adopted the same date, which approved the site plan for the same project, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 28, 2001, which denied their motion for a preliminary injunction, confirmed both resolutions, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Since 1996 the respondent Riverhead Centre, LLC, has submitted a series of applications for zoning changes and special permits to construct a shopping center on about 50 acres of undeveloped land located on County Route 58 in the Town of Riverhead. The shopping center, which includes a Home Depot store and garden center, has been the subject of a series of CPLR article 78 proceedings and two prior appeals in this Court (*see Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark,* 253 AD2d 752; *Matter of Miller v Kozakiewicz,* 289 AD2d 494).

In the instant proceeding, the petitioners seek to review two resolutions adopted by the Town Board of the Town of Riverhead (hereinafter the Town Board) on February 6, 2001, which granted two special permits and approved the site plan for the shopping center. Although the petitioners initially challenged the resolutions on various grounds, their primary contention on this appeal is that the Town Board did not have a rational

basis for concluding that the sewer service to the site was adequate. Among other claims, they allege that the Town Board mistakenly relied on inadequate and misleading information in the environmental impact statements that were prepared pursuant to the State Environmental Quality Review Act (hereinafter SEQRA). In addition, they claim that the Town Board did not have the authority to enter an agreement dated December 24, 1997, to provide sewer service to a small portion of the site that was located outside the sewer district (hereinafter the Sewer Agreement).

To the extent that the petitioners' claims are based on inadequate or misleading information in the environmental impact statements, they are barred by the doctrine of res judicata. Under the transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see CRK Contr. of Suffolk v Jeffrey Brown & Assoc.,* 260 AD2d 530). Here, the petitioners had a full and fair opportunity to contest the accuracy of the SEQRA review in a prior CPLR article 78 proceeding (*see Matter of Miller v Kozakiewicz, supra*). Although the present claim of insufficient sewer service is based on a different theory, it arises from the same transaction, i.e., the Town Board's resolution on February 15, 2000, to adopt the SEQRA findings, which are incorporated by reference in the resolutions that are the subject of this appeal.

In addition, the petitioners improperly raised the issues of inadequate sewer service and the validity of the Sewer Agreement for the first time in reply and supplemental affirmations submitted by their attorneys in support of the petition. Applying the doctrine of exhaustion of administrative remedies, the courts generally refuse to review a determination on environmental or zoning matters based on evidence or arguments that were not presented during the proceedings before the lead agency (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 204 AD2d 548, 549; *Matter of Village of Harriman v Town Bd. of Town of Monroe,* 153 AD2d 633; *Aldrich v Pattison,* 107 AD2d 258). Here, the petitioners failed to raise the specific challenges advanced on this appeal during the extensive administrative review of the proposed shopping center.

In any event, the Town Board had the authority to enter a contract to provide sewer service to a small portion of the site that was located outside the sewer district (*see Matter of Sven-*

*ningsen v Passidomo,* 62 NY2d 967; *Matter of Caiola v Town of Ossining,* 272 AD2d 324). Moreover, the petitioners' conclusory allegations regarding the sewer service were not sufficient to warrant an annulment of the Town Board's decision to grant the special permits and approve the site plan. Accordingly, the Supreme Court properly dismissed the present proceeding on the ground that the Town Board's determination was rational and supported by substantial evidence.

The petitioners' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Luciano and Adams, JJ., concur.