■ In the Matter of RAMAPO HOMEOWNERS ASSOCIATION, Appellant, v TOWN OF RAMAPO et al., Respondents. [767 NYS2d 907]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Ramapo dated July 16, 2001, which, after a hearing, granted the application of Toyv Corp. for a change in zoning from single-family to multi-family dwellings, the petitioner appeals from (1) stated portions of an order of the Supreme Court, Rockland County (Kelly, J.), dated March 20, 2002, and (2) a judgment of the same court dated September 10, 2002, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 and leave to appeal has not been granted (*see* CPLR 5701 [b]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The determination of the Town Board of the Town of Ramapo (hereinafter the Town Board) to grant the application of Toyv

Corp. for a change in zoning from single-family to multi-family dwellings was not arbitrary and capricious and did not constitute spot zoning (*see Matter of Town of Bedford v Village of Mt. Kisco,* 33 NY2d 178 [1973]; *Rodgers v Village of Tarrytown,* 302 NY 115, 123 [1951]; *Matter of Miller v Kozakiewicz,* 289 AD2d 494 [2001]; *Matter of Cannon v Murphy,* 196 AD2d 498 [1993]).

The petitioner failed to show that the Town Board violated Public Officers Law § 103 (a), which provides that public business be performed in an open and public manner (*see Gordon v Village of Monticello,* 87 NY2d 124 [1995]; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735 [1978]; *Litz v Town Bd. of Guilderland,* 197 AD2d 825 [1993]; *Matter of Orange County Publs. v Council of City of Newburgh,* 60 AD2d 409 [1978], *affd* 45 NY2d 947 [1978]). The Town Board conducted two public hearings on the subject of the proposed zone change.

The petitioner's remaining contentions are without merit. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.