■ In the Matter of SALVATORE J. LALIMA, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [847 NYS2d 208]—

In a proceeding pursuant to CPLR article 78 to review determinations of the County of Suffolk and the County of Suffolk Office of the County Comptroller dated November 21, 2003, and December 24, 2003, respectively, denying the petitioner's request for the payment of retirement severance benefits of $98,920.90, and to compel the payment of such funds, the County of Suffolk and the County of Suffolk Office of the County Comptroller appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered October 3, 2006, which granted the petition, annulled the determinations, and directed them to pay the petitioner the sum of $98,920.90 and to report to the New York State Retirement System that the petitioner's salary upon retirement was $170,000 per year.

Ordered that the judgment is affirmed, with costs.

On April 1, 2000, the petitioner was appointed to a three-year term as President of Suffolk County Community College (hereinafter the college) by resolution of the Board of Trustees (hereinafter the Board) and was given an annual salary of $135,000. His contract of employment provided, inter alia, that (1) any extension of the contract would be voted by resolution of the Board, (2) his annual salary would be determined by the Board and agreed to by him, (3) he would be provided 30 days vacation annually, (4) he would be paid additional fringe benefits as set forth in the Status and Benefits Handbook for Managerial-Confidential Employees of the college, and (5) at his retirement,

he would be reimbursed for any unused vacation time at a rate of one day's pay for each vacation day accumulated and would be reimbursed for unused sick days at a rate of one day's pay for every two sick days accumulated. By resolution dated March 14, 2002, the Board stated that it had extended the petitioner's contract until October 31, 2003, and voted to raise his salary to $155,000 per year. By resolution dated June 12, 2003, the Board stated that it had conducted an annual evaluation and salary review and voted to raise the petitioner's salary to $170,000 per year, retroactive to April 1, 2003. It noted that the last review was due on April 1, 2003, but it was delayed due to a search for a new president. On October 31, 2003, the petitioner retired.

By letter dated November 21, 2003, the appellants determined that the Board's vote raising the petitioner's salary to $170,000 per year was unauthorized, and concluded that the petitioner was entitled to a retirement severance of $69,009.69, representing the balance of a salary of $160,024.02 plus reimbursement for benefits. By letter dated December 24, 2003, the appellants further reduced the petitioner's retirement severance to $64,215.10 by recalculating the reimbursement for personal days.

The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the appellants' determinations and to compel the payment of $98,920.90 as his retirement severance, calculated pursuant to the petitioner's contract with the Board and the raises voted by Board resolution. The Supreme Court granted the petition and directed the appellants to pay to the petitioner the sum of $98,920.90, representing the balance of petitioner's annual $170,000 salary and reimbursement for benefits, and to report to the New York State Retirement System that the petitioner's salary at retirement was $170,000 per year.

The appellants contend that the Board's vote to raise the petitioner's salary to $170,000 per year and to reimburse him for unused sick time was unauthorized under Laws of Suffolk County, chapter 750, article 1 (Management Salary Plan) § 750-6.2. They also argue that the meeting in which the Board voted for the raise was not properly noticed, that the vote was unlawfully taken in executive session, and that verbatim minutes were not taken at the meeting.

The Supreme Court properly annulled the appellants' determinations. The Board was authorized by the Education Law and regulations promulgated thereunder to vote to raise the petitioner's salary to $170,000 per year pursuant to his employment contract (*see* Education Law § 6306 [2] [the board

of trustees shall appoint a college president]; 8 NYCRR 604.2 [a] ["(t)he college trustees shall formulate and record the policies and procedures of appointment and conditions of employment of the president and other professional administrative personnel"]). Contrary to the appellants' contention, Laws of Suffolk County, chapter 750, article 1 (Management Salary Plan) § 750-6.2, providing that Suffolk County managers were to be paid a 3.5% raise in 2003, did not supersede either state law or the regulations promulgated thereunder (*see Turnpike Woods v Town of Stony Point*, 70 NY2d 735, 737 [1987]; Municipal Home Rule Law § 22). The Supreme Court likewise properly annulled the appellants' determinations that the president was not entitled to be reimbursed for unused sick leave because the Board lawfully contracted to grant him sick leave (*see* Education Law § 6306 [2]; 8 NYCRR 604.2 [a]).

The appellants' alternative contention, that the vote to raise the petitioner's salary was procedurally improper, also is without merit. There is no support in the record for the claim that the meeting was not properly noticed as to time and place, pursuant to Public Officers Law § 104 (1). Contrary to the appellants' contention, there is no statutory requirement that notice of the agenda of the meeting be given. In addition, the revised minutes of the meeting on June 12, 2003, indicate that the vote was properly taken in the public session (*see* Public Officers Law § 103 [a]; § 105 [1]). Moreover, the appellants' contention that the vote was unauthorized because verbatim minutes of the meeting were not taken is unavailing. Public Officers Law § 106 merely requires that a record or summary of the action at a meeting be taken, and the record discloses that a summary of the action was taken.

The appellants' remaining contentions are without merit. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.