■ In the Matter of Exmoor House, LLC, et al., Appellants, v Village of Millbrook Planning Board et al., Respondents. [917 NYS2d 905]—

The petitioners failed to satisfy their burden of establishing that the respondent Village of Millbrook Planning Board violated the open meetings provisions of the Public Officers Law (*see* Public Officers Law § 103 [b]; § 104 [1], [2]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 777-778 [2005]; *Matter of Ramapo Homeowners Assn. v Town of Ramapo*, 2 AD3d 529, 530 [2003]; *Matter of Shibley v Miller*, 212 AD2d 799 [1995]; *cf. Matter of Gordon v Village of Monticello*, 87 NY2d 124, 127 [1995]; *Matter of Oshry v Zoning Bd. of Appeals of Inc.*

*Vil. of Lawrence*, 276 AD2d 491 [2000]). There is no support in the record for the claim that the special meeting was not properly noticed as to time and place pursuant to Public Officers Law § 104 (2).

Moreover, there is no statutory requirement in the Open Meetings Law that notice of the agenda of a special meeting must be given to the public (*see Matter of LaLima v County of Suffolk*, 45 AD3d 845, 847 [2007]). Here, all the votes on the subject application were properly taken in the public session of the special meeting (*see* Public Officers Law § 103 [a]; § 105 [1]; *Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y.*, 231 AD2d 284, 290-291 [1997]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.