■ In the Matter of DOWNTOWN AUTO CENTER, INC., Appellant, v STATE OF NEW YORK, DEPARTMENT OF MOTOR VEHICLES, Respondent. [50 NYS3d 336]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered on or about December 8, 2015, which denied the petition to annul the determination of respondent Department of Motor Vehicles (DMV), dated January 27, 2015, denying the reinstatement of petitioner Downtown Auto Center, Inc.'s (Downtown) licenses to repair and inspect motor vehicles based on the failure to submit required documentation, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

An appeal to DMV's Appeals Board must be taken within 60 days of the date that the "license . . . is denied, suspended or revoked" (Vehicle and Traffic Law § 261 [1], [2]). Here, Downtown's administrative appeal, postmarked November 6, 2014, was untimely as to any claims that its repair shop and public inspection licenses were "seized" on March 20, 2014, yet was timely with respect to the September 9, 2014 denial of its application for the reinstatement of its licenses for failure to provide the required documentation.

The court correctly found that DMV acted rationally when it denied Downtown's application for the reinstatement of its repair shop and public inspection station licenses for lack of documentation (*see Matter of City of New York v New York State Nurses Assn.*, 130 AD3d 28, 34 [1st Dept 2015]). The DMV inspector attested that neither Downtown's principals nor their attorney ever requested that the appointment be rescheduled, and that DMV had no record that counsel or anyone else attempted to provide the required documents later that day or at any other time. Counsel's affirmation, submitted to supple-

ment Downtown's article 78 petition, raised factual issues not presented before the administrative agency, i.e., that the inspector refused to adjourn the conference or accept documents from counsel later that day, which are not properly before this Court (*see Matter of Miller v Kozakiewicz*, 300 AD2d 399, 400 [2d Dept 2002]).

Downtown's contention that the court should not have reached the merits, but instead should have remanded the matter to DMV for a "full hearing" on the merits is unavailing, since once the Court found that Downtown's failure to refute the documentary evidence failed to raise an issue of fact, "the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding" (CPLR 7804 [g]; *see also Matter of Dequito v New School for Gen. Studies*, 68 AD3d 559, 559 [1st Dept 2009]).

Further, while a license, such as a driver's license, cannot be revoked without due process (*see Matter of Breslow v Hults*, 26 AD2d 931, 931 [1st Dept 1966]), this is a case involving reinstatement, which is akin to a new license, for which there is no property interest (*see Testwell, Inc. v New York City Dept. of Bldgs.*, 80 AD3d 266, 274 [1st Dept 2010]). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.