Matter of Goldberg v Elia (2019 NY Slip Op 05747)





Matter of Goldberg v Elia


2019 NY Slip Op 05747


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

528109

[*1]In the Matter of HARVEY GOLDBERG, Appellant,
v
MaryEllen ELIA, as Commissioner of Education, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Harvey Goldberg, Levittown, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Mackey, J.), entered October 10, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In March 2017, voters in the East Meadow School District approved a bond issue to, as is relevant here, fund major renovations and improvements to the East Meadow Public Library. Petitioner is a library patron and, at a June 2017 meeting of the East Meadow Public Library Board of Trustees (hereinafter Board), presented an unsolicited plan that he claimed would reduce the cost of the improvements and permit the library to remain open while they were underway. He returned to a July 2017 meeting of the Board, where he participated in a further discussion of the renovations and unsuccessfully requested that the Board place an expanded description of his proposal in the June 2017 meeting minutes.
Petitioner thereafter corresponded with respondent and her subordinates, carping about the Board's actions in several respects and demanding that respondent act. The letters eventually provoked a December 2017 response from respondent, in which she advised that an investigation had uncovered "no violations of [her] [r]egulations, no incidence of trustee dishonesty, and no false [meeting] minutes." Respondent further indicated that the Board "acted within its authority on financial decisions" regarding the improvements to the library. Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination. Respondent successfully moved to change venue from Nassau County to Albany County (see CPLR 506 [b] [2]), then moved to dismiss the proceeding in lieu of serving an answer. Supreme Court granted the motion to dismiss, and petitioner appeals.
We affirm. Respondent moved to dismiss the petition, in part, because it failed to state a claim. In reviewing such an argument, we accept the facts alleged in the petition and accompanying affidavits as true, afford petitioner every favorable inference and determine whether [*2]the alleged facts fit within any cognizable legal theory (see CPLR 3211 [a] [7]; 7804 [f]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Matter of 54 Marion Ave., LLC v City of Saratoga Springs, 162 AD3d 1341, 1342 [2018]). Although this is a "liberal standard," it "will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]; accord A Great Choice Lawncare & Landscaping, LLC v Carlini, 167 AD3d 1363, 1363-1364 [2018]).
Respondent has "general supervision over all schools and institutions," including public libraries, that are subject to the Education Law (Education Law § 305 [2]; see Education Law §§ 253 [2]; 254). Petitioner invoked that supervision in asking respondent to take action with regard to voter fraud committed by the Board in the leadup to the bond referendum vote, pointing to a voter guide that he asserted inaccurately described one of the contemplated library improvements as a new "lecture hall/theater/presentation space" (see University of the State of New York, Statement on the Governance Role of a Trustee or Board Member Appendix F, available at http://www.regents.nysed.gov/
common/regents/files/documents/about/stmt07.pdf). The voter guide is attached to his petition, and it includes a floor plan depicting a facility with "a room often with rising tiers of seats for assemblies (as for lectures)" that meets the dictionary definition of a theater (Merriam-Webster Online Dictionary, theater [https://www.merriam-webster.com/dictionary/theater]). Petitioner personally believes that any theater needs extensive amenities that the facility lacks but, given the definition of a theater and the depiction in the floor plan, any misuse of the word in the voter guide was "so trifling as to be legally inconsequential" (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 350 [1999]; see Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 297 [2004]). As a result, even accepting that respondent has authority to address an inaccuracy in the voter guide, the guide itself contradicts petitioner's contention that action was warranted.
Lastly, petitioner does not dispute, and the June and July 2017 meeting minutes attached to the petition confirm, that the Board met its statutory obligation of preparing minutes that summarized "all motions, proposals, resolutions and any other matter formally voted upon and the vote thereon" (Public Officers Law § 106 [1]; see Matter of LaLima v County of Suffolk, 45 AD3d 845, 847 [2007]). Petitioner instead contends that the Board did not "[k]eep complete and accurate minutes" in contravention of the "best practices" provided in a guidance document from the Board of Regents of the University of the State of New York; those practices, however, were explicitly set forth so that library and school boards would act "consistent with statute" (University of the State of New York, Statement on the Governance Role of a Trustee or Board Member Appendix B, available at http://www.regents.nysed.gov/common/regents/files/documents/
about/stmt07.pdf). Thus, even if the best practices are independently enforceable by respondent, they were followed, inasmuch as the Board met its statutory obligations under the Public Officers Law.
In light of the foregoing, we need not address whether dismissal was warranted on the other grounds articulated by Supreme Court. Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to lack merit.
Clark, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.