Matter of Barry v O'Neill (2020 NY Slip Op 04007)





Matter of Barry v O'Neill


2020 NY Slip Op 04007


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11849 157969/18

[*1] In re Sergeant Hugh Barry, Petitioner-Appellant,
v
James P. O'Neill, etc., et al., Respondents-Respondents.


Patterson Belknap Webb & Tyler LLP, New York (Stephen P. Younger of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered July 8, 2019, which denied the amended petition seeking the disclosure of documents under the Freedom of Information Law (FOIL), and granted respondent's cross motion to dismiss this proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the amended petition granted to the extent of ordering disclosure of withheld documents, and the proceeding remanded to Supreme Court for review of any necessary redactions in all documents disclosed both before entry of judgment and as a result of this decision, pursuant to the exemptions based upon invasions of personal privacy, preserving the safety of persons, and the attorney-client privilege, as well as for consideration of petitioner's request for attorneys' fees and litigation costs.
In October 2016, petitioner responded to a call, which resulted in him fatally shooting an emotionally disturbed person (EDP). In February 2018, he was acquitted of murder and manslaughter charges after a trial. In the meantime, respondent Police Department (NYPD), which brought disciplinary charges in 2016, amended those charges after the acquittal.
In May 2018, petitioner's union submitted a FOIL request seeking "complete copies of any communications" between respondent O'Neill or the NYPD and the Mayor or the Mayor's Office related to the incident. The union also sought "complete copies of any documents" related to an NYPD task force convened to review its EDP policy and make recommendations for changes thereto. Respondents denied the request in its entirety, invoking the exemption pertaining to interference with a law enforcement investigation or judicial proceeding, in both the NYPD FOIL Unit's June 21, 2018 decision and the Records Access Appeals Officer's July 9, 2018 decision upon administrative appeal (Public Officers Law § 87[2][e][i]). Petitioner commenced this proceeding on August 27, 2018.
On December 21, 2018, respondents issued a second decision on the same administrative appeal, producing over 3,200 pages of responsive documents, with numerous redactions, and withholding 462 pages pursuant to, inter alia, the inter- and intra-agency materials exemption (Public Officers Law § 87[2][g]). For the redactions, they relied on, inter alia, exemptions for nonroutine criminal investigation techniques and preserving the integrity of agency information technology assets (Public Officers Law § 87 [2][e][iv], [2][i]). They also raised protection of individuals' privacy and safety, and the attorney-client privilege (Public Officers Law § 87[2][a], [2][b], [2][f]; CPLR 4503), which petitioner does not challenge. There was no mention of the previously raised law enforcement exemption.
After petitioner filed an amended petition challenging respondents' reliance on exemptions not previously raised, respondents cross-moved to dismiss, asserting that the proceeding was moot, relying only on those new exemptions, and arguing that judicial review was not limited to the original determination since the proceeding was in the nature of mandamus [*2]to compel. Supreme Court granted the cross motion. We now reverse.
First, respondents' challenge to petitioner's standing, although reviewable for the first time on appeal (Matter of Fleisher v New York State Liq. Auth., 103 AD3d 581, 584 [1st Dept 2013], lv denied 21 NY3d 856 [2013]), is unavailing. Petitioner's union filed the FOIL request on his behalf and respondents specifically referenced him in their administrative appeal determinations (see Matter of Norton v Town of Islip, 17 AD3d 468, 470 [2d Dept 2005], lv denied 6 NY3d 709 [2006]).
This proceeding is not in the nature of mandamus to compel. Instead, the standard of review is whether the denial of the FOIL request was "affected by an error of law" (CPLR 7803[3]; see Matter of Empire State Beer Distribs. Assn., Inc. v New York State Liq. Auth., 158 AD3d 480, 481 [1st Dept 2018], lv denied 31 NY3d 907 [2018]), for which judicial review is "limited to the grounds invoked by the agency" in its determination (Matter of Madeiros v New York City Educ. Dept., 30 NY3d 67, 74 [2017] [internal quotation marks omitted]). Since respondents abandoned the exemption raised in their initial decision, they cannot meet their burden to "establish[] that the . . . documents qualif[y] for the exemption" (id. [internal quotation marks and ellipsis omitted]). Further, as respondents "did not make any contemporaneous claim that the requested materials" fit the newly raised exemptions, "to allow [them] to do so now would be contrary to [Court of Appeals] precedent, as well as to the spirit and purpose of FOIL" (id. at 74-75).
Contrary to respondents' contention, the disclosure of documents did not moot this proceeding. Hundreds of pages were still withheld and petitioner challenged the bases for both the failure to produce and the redactions made to the documents disclosed (see Matter of Madeiros, 30 NY3d at 72; compare Matter of Corbett v New York City Police Dept., 160 AD3d 415 [1st Dept 2018], lv denied 31 NY3d 913 [2018]).
Petitioner's demand for the metadata of documents disclosed must be denied. An agency is only required to produce "a record reasonably described" (Public Officers Law § 89[3][a]). Contrary to petitioner's contention, the FOIL request for "complete copies" of communications and documents cannot fairly be read to have implicitly requested metadata associated with those copies. His reliance on a Fourth Department case, which held that a request for "all computer records that are associated with published [photographs] . . . included a demand for the metadata associated with those images," is misplaced, as petitioner's request is distinguishable and the Fourth Department "decision is limited to the facts of th[e] case" (Matter of Irwin v Onondaga County Resource Recovery Agency, 72 AD3d 314, 319 [4th Dept 2010]). Respondents emailed petitioner records maintained in electronic form, as required (see Public Officers Law § 89[3][a]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454 [2007]).
The issue of attorneys' fees and litigation costs is remanded to Supreme Court, which failed to address it (see Matter of Reiburn v New York City Dept. of Parks & Recreation, 171 AD3d 670, 670-671 [1st Dept 2019]). Petitioner "substantially prevailed" even prior to this appeal (Public Officers Law § 89[4][c][ii]), as respondents made "no disclosures, redacted or otherwise, prior to petitioner's commencement of this . . . proceeding," and he "ultimately succeeded in obtaining substantial . . . post-commencement disclosure responsive to [his] FOIL request" (Matter of Madeiros, 30 NY3d at 79). On remand, the court must determine whether [*3]there was "no reasonable basis" for the NYPD to deny access based on the law enforcement exemption, and if so, it "shall assess" fees and costs (Public Officers Law § 89[4][c][ii]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK