Matter of Wagner v New York City Dept. of Educ. (2023 NY Slip Op 06228)

Matter of Wagner v New York City Dept. of Educ.

2023 NY Slip Op 06228

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 151346/23 Appeal No. 1152 Case No. 2023-02614 

[*1]In the Matter of Jimmy Wagner, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.

Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), and Stewart Lee Karlin Law Group, New York (Daniel Dugan of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 17, 2023, denying the petition to annul respondent's determination dated October 13, 2022, which denied petitioner's Freedom of Information Law (FOIL) request, direct the DOE to conduct an adequate search of responsive records, or in the alternative for a framed issues hearing, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The denial of petitioner's FOIL request, on the grounds that it did not seek "a record reasonably described" (Public Officers Law § 89 [3] [a]), was not affected by an error of law (see CPLR 7803 [3]; Matter of Barry v O'Neill, 185 AD3d 503, 505 [1st Dept 2020]). Petitioner sought all emails during a 17-month period between any DOE email address and any email address from a neutral arbitrator's firm. The administrative record and the DOE's proffered affidavits demonstrate "that the descriptions provided are insufficient for purposes of extracting or retrieving the requested document[s] from the virtual files through an electronic word search . . . [by] name or other reasonable technological effort" (Matter of Puig v New York State Police, 212 AD3d 1025, 1026 [3d Dept 2023] [internal quotation marks omitted]).
DOE maintains over 1 million email mailboxes. When it searched its database using the description given by petitioner, the "system searches never appeared to end during the course of the day, continuing through the next day, then stopping and timing out" (see Matter of Aron Law, PLLC v New York City Dept. of Educ., 192 AD3d 552, 552 [1st Dept 2021], lv denied 37 NY3d 907 [2021]). Petitioner, when asked twice to provide a narrower timeframe, names or titles of DOE employees who might be custodians of the emails sought, and key terms to be searched, simply refused (see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 974 [3d Dept 2022]). As the DOE sought petitioner's cooperation in narrowing the scope of his request, the record shows that the DOE did not know where the requested records were located (cf. Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 732-733 [2d Dept 2020]).
Furthermore, whereas in reply before Supreme Court petitioner proposed a script that would reduce the number of mailboxes being searched, "[n]either the language of the original request nor that of the administrative appeal demonstrates that the limitations now proposed were previously enunciated or provided" to the DOE (Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1272 [3d Dept 2020], lv denied 36 NY3d 910 [2021]). In any event, Supreme Court appropriately declined to entertain petitioner's proposed means of narrowing the search, which were raised for the first time in reply (see e.g. Matter of Cintron v Calogero, 99 AD3d 456, 458 [1st Dept 2012], lv denied 22 NY3d 855 [2013]; Matter of Miller v Kozakiewics, 300 AD2d 399, 40o [2d Dept 2002[*2]]). Finally, because the DOE did not deny the FOIL request based on petitioner seeking voluminous records or claiming that conducting the search would be unduly burdensome or require the creation of new documents, petitioner was not entitled to a hearing to resolve those purported issues of fact (see CPLR 7804 [h]; compare Matter of Cuddy Law Firm, P.L.L.C. v New York City Dept. of Educ., 191 AD3d 558, 558 [1st Dept 2021]; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 161-162 [1st Dept 2010]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023