Matter of Hoffman v New York City Police Dept. (2024 NY Slip Op 03329)

Matter of Hoffman v New York City Police Dept.

2024 NY Slip Op 03329

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Index No. 150164/23 Appeal No. 2503 Case No. 2023-06723 

[*1]In the Matter of Thomas Hoffman, Respondent,
v
New York City Police Department, Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Mackenzie Fillow of counsel), for appellant.
Law Office of Thomas Hoffman, LLC, Yonkers (Jonathan Hiles of counsel), for respondent.

Order and judgment (one paper) Supreme Court, New York County (Erika M. Edwards, J.), entered November 9, 2023, which, in this proceeding brought pursuant to CPLR article 78, granted the petition to annul respondent New York City Police Department (NYPD)'s denial of petitioner's Freedom of Information Law (FOIL) request and awarded reasonable attorneys' fees and costs to petitioner, and denied the NYPD's cross-motion to dismiss, unanimously modified, on the law, the cross-motion granted in part and the petition denied in part as to petitioner's claim seeking records responsive to his FOIL request on grounds of mootness, and otherwise affirmed, without costs.
The cross-motion to dismiss should have been granted in part, as the NYPD's post-petition disclosure "moot[ed] petitioner's challenge to the denial of [his] FOIL request" (Matter of O'Neill v New York City Police Dept., 202 AD3d 444, 444 [1st Dept 2022]; see also Matter of Lambrou v New York City, 210 AD3d 588, 589 [1st Dept 2022], lv denied 40 NY3d 902 [2023]). Additionally, Supreme Court should not have considered the issue of redactions in the NYPD's production of documents and "the validity of [the NYPD's] claimed exemptions are not before this Court," since petitioner "did not seek to amend the petition to challenge" the later production (Matter of Lambrou, 210 AD3d at 589; see also Matter of Cha v New York State Indus. Bd. of Appeals, 204 AD3d 602, 603 [1st Dept 2022]; compare Matter of Barry v O'Neill, 185 AD3d 503, 504-505 [1st Dept 2020]).
However, we affirm the award of attorneys' fees. There is no reasonable dispute that petitioner "substantially prevailed" (Public Officers Law § 89[4][c][i]), as the NYPD admittedly conducted a diligent search resulting in the production of 481 pages of responsive documents only after petitioner commenced the instant proceeding (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017]; Matter of Rauh v de Blasio, 161 AD3d 120, 123-124, 127 [1st Dept 2018]; Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 437-438 [1st Dept 2015]). The record further shows that the NYPD failed to provide any determination whatsoever after twice providing a "statement of the approximate date" that it would respond and contacted petitioner again only after he sought to challenge the constructive denial (Public Officers Law § 89[3][a]; see 21 NYCRR 1401.5[e]), thus "fail[ing] to respond to a request or appeal within the statutory time" (Public Officers Law § 89[4][c][i]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024