Matter of Reclaim the Records v City of New York (2025 NY Slip Op 05904)

Matter of Reclaim the Records v City of New York

2025 NY Slip Op 05904

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 156960/23|Appeal No. 5038|Case No. 2024-03512|

[*1]In the Matter of Reclaim the Records, et al., Petitioners-Respondents,
v
The City of New York, et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for appellants.
Beldock Levine & Hoffman LLP, New York (David B. Rankin of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered April 29, 2024, which, to the extent appealed from as limited by the briefs, granted in part the petition brought pursuant to CPLR article 78 to compel respondents to produce all data fields for all marriage records older than 50 years and associated metadata in response to petitioners' requests made in accordance with the Freedom of Information Law (Public Officers Law §§ 84-90), unanimously modified, on the law and the facts, without costs, to the extent of exempting from disclosure all marriage records at least 50 years old, and the associated metadata, the same five fields of denied data which the court deemed exempt from disclosure with regard to the same records requested that are less than 50 years old, and vacating the award of attorneys' fees, and otherwise affirmed, without costs.
Petitioner Reclaim the Records is an organization that seeks to make genealogical and historical records freely available to the public on the Internet. This proceeding arises from petitioners' efforts to obtain marriage records and associated metadata for the last 100 years from respondents the City of New York and the Office of the City Clerk.
Respondents initially granted petitioners' FOIL request to the extent of granting access to 12 fields of data from 2018 to the present and denied access to the rest pursuant to Public Officers Law § 87 (2)(a) together with Domestic Relations Law § 19 and Public Officers Law § 87 (2)(b). Respondents denied access to five fields of data — specifically, previous marriages, current place of residence, place of birth, parents' names and birthplaces, and spouses' forms of identification. Upon petitioners' administrative appeal, the City Clerk's Records Access Appeals Officer affirmed respondents' determination. Petitioners thereafter commenced this article 78 proceeding seeking to compel respondents to produce the requested records.
FOIL permits an agency to deny a request for records that "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87[2][a]). Domestic Relations Law § 19 provides that "[a]ll such affidavits, statements and consents, immediately upon the taking or receiving of the same by the town or city clerk, shall be recorded and indexed as provided herein and shall be public records and open to public inspection whenever the same may be necessary or required for judicial or other proper purposes." FOIL further provides that an "agency may deny access to records or portions thereof that . . . if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]), either for one of the reasons enumerated in Public Officers Law § 89(2)(b) or where, as here, an agency does not assert an enumerated reason, based on a "balancing [of] the privacy interests at stake against the public interest in disclosure of the information" (Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380 [2012] [internal quotation marks omitted]).
Supreme Court correctly found that respondents properly withheld certain fields of data — namely previous marriages, current place of residence, place of birth, parents' names and birthplaces, and spouses' forms of identification — in their initial production responding to petitioners FOIL request, and in its order, the court exempted those fields of data from any records produced from the last 50 years. Indeed, "in this Internet age, the potential for harm to thousands of private citizens from the disclosure of the personal information at issue far outweighs the presumed benefit to a few genealogical enthusiasts" (Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 293 [3d Dept 2020], lv dismissed in part, denied in part, 37 AD3d 1001 [2021]). Supreme Court should have also exempted those same fields of data for the records 50 years and older because the same privacy concerns and potential for harm exists for marital parties in records 50 years or older. Additionally, the withheld fields of data are of the type requiring a "proper purpose" for disclosure under Domestic Relations Law § 19 (see also Domestic Relations Law §§ 14, 15).
We vacate the award of attorneys' fees, as petitioners failed to show that the City
had "no reasonable basis for denying access" to the records at issue (Public Officers Law § 89[4][c][ii]; see Matter of Barry v O'Neill, 185 AD3d 503, 506 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025