Matter of Borrero v New York City Dept. Social Servs. Freedom of Info. Law Off. (2026 NY Slip Op 00467)

Matter of Borrero v New York City Dept. Social Servs. Freedom of Info. Law Off.

2026 NY Slip Op 00467

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 100862/24|Appeal No. 5731|Case No. 2025-01032|

[*1]In the Matter of Jason Borrero, Petitioner-Appellant,
vNew York City Department Social Services Freedom of Information Law Office et al., Respondents-Respondents.

Jason Borrero, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr., of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Verna L. Saunders, J.), entered on or about January 27, 2025, which denied the petition to annul the June 26, 2024 determination of respondent Department of Social Services (DSS) denying petitioner's administrative appeal from DSS's denial of his Freedom of Information Law (FOIL) request, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We find that DSS did not constructively deny the FOIL request, since it mailed its response within five days of its receipt of the request and notified petitioner by email that same day that it had mailed the response (see Public Officers Law § 89[3][a]). We further find that petitioner exhausted his administrative remedies. Indeed, petitioner commenced the appeal within 30 days as required (see Public Officers Law § 89[4][a]). DSS's denial, which was postmarked April 1, 2024, advised that petitioner had 30 days from receipt of the letter to appeal. Since the postal service first attempted to deliver the denial letter on April 9, 2024, and petitioner mailed his appeal on May 8, 29 days later, the administrative appeal was timely.
However, we affirm Supreme Court because the partial denial of the FOIL request was not affected by an error of law (CPLR 7803[3]; see Matter of Barry v O'Neill, 185 AD3d 503, 505 [1st Dept 2020]). As DSS initially found and restated in its appeal denial, any records related to the pregnancy of the woman who claimed in Family Court that petitioner is the father of her child are exempted from FOIL disclosure by statute, namely Social Services Law § 111-v(1), which requires that DSS maintain information "in the automated child support enforcement system . . . in a confidential manner to protect the privacy rights of the parties" and bars disclosure "except for the purpose of, and to the extent necessary to, establish paternity or establish, modify or enforce an order of support" (see Public Officers Law § 87[2][a]). Disclosure of records regarding the mother's pregnancy are also exempted by Public Officers Law § 87(2)(b) as "constitut[ing] an unwarranted invasion of personal privacy" (see also Public Officers Law § 89[2][i]). DSS further established that the remaining documents sought "cannot be found after diligent search" (Public Officers Law § 89[3][a]). An agency is not required to "prepare any record not possessed or maintained by such entity" (Public Officers Law § 87[3][a]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026